**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**UNITED STATES OF AMERICA,**

Plaintiff**,**

**v.**

**TYRON TERREONO ADAMS,**

Defendant.

**CRIMINAL ACTION NO.: 1:20-CR-48-2
(JUDGE KEELEY)**

<u>**REPORT AND RECOMMENDATION**</u>
<u>**CONCERNING PLEA OF GUILTY IN FELONY CASE**</u>

This matter has been referred to the undersigned Magistrate Judge by the District Judge for purposes of considering the record, the Superseding Indictment, and the proposed plea agreement in this matter, conducting a hearing, and entering into the record a written report and recommendation memorializing the disposition of Defendant's guilty plea, pursuant to Federal Rule of Criminal Procedure 11. [ECF No. 418]. On April 27, 2021, came the United States of America ("the Government") by its counsel, Zelda E. Wesley, Assistant United States Attorney, and also came Defendant, by videoconference and by counsel, Steven Scharg and Todd F. La Neve, for a change of plea hearing.

On March 30, 2020, Chief Judge Groh entered a standing order ("Standing Order"), In Re: Criminal Case Operations Due to COVID-19 Response, 3:20-MC-28, after the Judicial Conference of the United States ("JCUS") found, pursuant to the CARES Act, H.R. 748 ("CARES Act"), that emergency conditions due to the national emergency declared by President Donald J. Trump materially affect the functioning of the federal judiciary, generally, and that,

1

specifically, emergency conditions exist in the Northern District of West Virginia. In so doing, Chief Judge Groh authorized certain criminal proceedings to be conducted by video conference, including pleas under Rule 11 of the Federal Rules of Criminal Procedure, because of the possibility that such proceedings could seriously jeopardize public health and safety.

Pursuant to the aforementioned Standing Order, when video teleconferencing is authorized in certain criminal proceedings, the presiding judge must find for specific reasons that the plea cannot be further delayed without serious harm to the interests of justice. Such authorization to proceed by video teleconferencing may occur only with consent of a defendant after consultation with counsel.

On April 9, 2021, the Court entered an Order Regarding Proceedings by Videoconference stating that under the CARES Act this proceeding could be conducted by video or teleconferencing technology if certain circumstances existed and if certain requirements were satisfied, including the Defendant filing notice with the Court as to consent to proceed by videoconference and the specific reasons why a videoconference was sought. [ECF No. 420].

On April 12, 2021, Defendant, by counsel, filed a Notice Requesting to Appear by Videoconference, explaining that the Defendant prefers to reduce his risk of exposure and not to travel at this time due to concerns surrounding possible contraction of the COVID-19 virus. [ECF No. 422]. In addition, the Court would note defense counsel Steven Scharg practices in Detroit, Michigan, which is currently suffering from a significant surge of the COVID-19 virus. Defendant consented to conducting the Rule 11 hearing by videoconference and stated that Defendant has the technological capabilities at Central Regional Jail to permit him to appear and participate fully and meaningfully by video.

2

A Videoconferencing/Teleconferencing Waiver was signed by both the Defendant and counsel and presented at the hearing. On the record, Defendant, with the advice and benefit of counsel, reaffirmed that he would like to proceed with the plea hearing by videoconference. The Court **ORDERED** the fully executed Videoconferencing/Teleconferencing Waiver be filed herein. [ECF No. 480].

Here, the undersigned **FINDS** that this plea hearing could not be further delayed without serious harm to the interests of justice because of the unknown nature, extent, and duration of the COVID-19 pandemic, and the possible exposure risks associated with travel at this time.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One, Count Seventeen, Count Nineteen, Count Twenty, Count Twenty-One, Count Twenty-Two, Count Twenty-Three, and Count Twenty-Five of the Superseding Indictment, without a written plea agreement.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath and inquiring into Defendant's competency. The Court determined Defendant was competent to proceed with the Rule 11 plea hearing and cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea. Defendant tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate

3

Judge. The waiver and consent was signed by Defendant, countersigned by Defendant's counsel, and concurred by the signature of the Assistant United States Attorney.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of an Article III Judge and consent to enter a guilty plea before a Magistrate Judge was freely and voluntarily given. Additionally, the Court finds that the written waiver and consent was freely and voluntarily executed by Defendant Tyron Terreono Adams, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record. [ECF No. 481].

The parties represented to the Court that there is no plea agreement in this case. Defendant stated in open court that he fully understood he was pleading guilty to Count One, Count Seventeen, Count Nineteen, Count Twenty, Count Twenty-One, Count Twenty-Two, Count Twenty-Three, and Count Twenty-Five of the Superseding Indictment, and that no other agreements had been made between himself and the Government. In addition, the Defendant and his counsel acknowledged that a plea agreement was presented to the Defendant, and the Defendant declined to accept the plea agreement.

The Court confirmed that Defendant had received and reviewed with his attorney the Superseding Indictment in this matter. The Court read Count One, Count Seventeen, Count Nineteen, Count Twenty, Count Twenty-One, Count Twenty-Two, Count Twenty-Three, and Count Twenty-Five of the Superseding Indictment in open court.

4

The Court reviewed with Defendant Count One of the Superseding Indictment, including the elements of the crime the United States would have to prove at trial, charging him in Count One with Conspiracy to Distribute Heroin and Cocaine Base, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C). The Court reviewed with Defendant Count Seventeen of the Superseding Indictment, including the elements of the crime the United States would have to prove at trial, charging him in Count Seventeen with violating the Travel Act - Promotion, in violation of Title 18, United States Code, Sections 2 and 1952(a)(3). The Court reviewed with Defendant Count Nineteen, Count Twenty-One, and Count Twenty-Two of the Superseding Indictment, including the elements of the crime the United States would have to prove at trial, charging him in Count Nineteen, Count Twenty-One, and Count Twenty-Two with Unlawful Use of a Communication Device, in violation of Title 21, United States Code, Sections 843(b) and 843(d)(1). The Court reviewed with Defendant Count Twenty of the Superseding Indictment, including the elements of the crime the United States would have to prove at trial, charging him in Count Twenty with Distribution of Heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). Finally, the Court reviewed with Defendant Count Twenty-Three and Twenty-Five of the Superseding Indictment, including the elements of the crime the United States would have to prove at trial, charging him in Count Twenty-Three and Twenty-Five with Aiding and Abetting Distribution of Heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

However, before accepting Defendant's plea, the undersigned inquired of Defendant's understanding of the charges against him, inquired of Defendant's understanding of the consequences of him pleading guilty to the charges, and obtained the factual basis for Defendant's

plea. The Government proffered a factual basis for the plea. Neither Defendant nor Defendant's counsel disputed the proffer when given the opportunity to do so. Additionally, the Defendant provided a factual basis for the plea.

The Court then reviewed with Defendant the statutory penalties for Count One, to which Defendant proposed to enter a plea of guilty, and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined  Defendant understood the nature of the charges pending against him. Defendant also understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count One was twenty (20) years imprisonment, a fine of $1,000,000, or both, and at least three years of supervised release.

The Court then reviewed with Defendant the statutory penalties for Count Seventeen, to which Defendant proposed to enter a plea of guilty, and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him. Defendant also understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count One was five (5) years imprisonment, a fine of $250,000, or both, and up to three years of supervised release.

The Court then reviewed with Defendant the statutory penalties for Counts Nineteen, Twenty-One, and Twenty-Two, to which Defendant proposed to enter a plea of guilty, and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined  Defendant understood the nature of the charges pending against him. Defendant also understood the possible statutory maximum sentence which could be imposed upon

his conviction or adjudication of guilty on each of the counts of Count Nineteen, Twenty-One or Twenty-Two was four (4) years imprisonment, a fine of $250,000, or both, and up to three years of supervised release.

The Court then reviewed with Defendant the statutory penalties for Count Twenty, to which Defendant proposed to enter a plea of guilty, and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him. Defendant also understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count Twenty was twenty (20) years imprisonment, a fine of $1,000,000, or both, and at least three years of supervised release.

Finally, the Court then reviewed with Defendant the statutory penalties for Count Twenty-Three and Count Twenty-Five to which Defendant proposed to enter a plea of guilty, and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him. Defendant also understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on each of the counts of Count Twenty-Three or Count Twenty-Five was twenty (20) years imprisonment, a fine of $1,000,000, or both, and at least three years of supervised release.

Defendant also understood that the Court would impose a special mandatory assessment of $100.00 for having been convicted of a felony offense, for a total of $800. Defendant further understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood that he might

7

be required by the Court to pay the costs of his incarceration, supervision, and probation. He also understood that he forfeited his right to the all property specified in the Superseding Indictment's forfeiture allegation.

The Court reviewed with Defendant all of the rights that are forfeited by tender of a plea of guilty. The Court advised Defendant of his right to plead not guilty and maintain that plea during a trial before a jury of his peers.  The Court also informed Defendant of the right to be represented by counsel during trial, the right to confront and cross-examine witnesses, the right not to testify, the right to present evidence and subpoena witnesses and the right to have the Government prove its case beyond a reasonable doubt. The Court also noted that the jury's verdict must be unanimous. Defendant stated in open court that he understood all of these rights and understood that he would be giving up all of these rights by entering a plea of guilty.

The undersigned also inquired of Defendant whether he understood that by pleading guilty, he was forfeiting other rights such as the right to vote, right to serve on a jury, and the right to legally possess a firearm. Additionally, the undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

Defendant stated that he understood all of the consequences of pleading guilty. Defendant was also advised of his appellate rights, and further advised that any notice of appeal must be entered within fourteen (14) days of judgment being entered.

Defendant stated that the plea was not a result of any threat, coercion, or harassment and that the plea was not the result of any promises. Defendant stated there was nothing he had asked his lawyer to do that was not done. Defendant further stated that his attorney had adequately represented him in this matter and that neither he nor his attorney had found an adequate defense to the charges contained in Count One, Count Seventeen, Count Nineteen, Count Twenty, Count Twenty-One, Count Twenty-Two, Count Twenty-Three, or Count Twenty-Five of the Superseding Indictment.

The undersigned Magistrate Judge informed Defendant that he would write the subject Report and Recommendation and a pre-sentence investigation report would be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count One, Count Seventeen, Count Nineteen, Count Twenty, Count Twenty-One, Count Twenty-Two, Count Twenty-Three, and Count Twenty-Five of the Superseding Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the pre-sentence report.

The Court informed Defendant that the Sentencing Guidelines are merely advisory. However, under the Sentencing Reform Act of 1984, certain Sentencing Guidelines could be used in determining a sentence in this case. Defendant stated that he had reviewed the various factors taken into consideration by the Sentencing Guidelines with his attorney and that he understood that the sentence could not be determined until after the United States Probation Office had prepared a presentence report and a sentencing hearing conducted. The undersigned also advised, and

Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea.

Defendant further stated that his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing.  Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, but that he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant, Tyron Terreono Adams, with the consent of his counsel, Steven Scharg and Todd F. La Neve, proceeded to enter a verbal plea of **GUILTY** to the felony charges in Count One, Count Seventeen, Count Nineteen, Count Twenty, Count Twenty-One, Count Twenty-Two, Count Twenty-Three, and Count Twenty-Five of the Superseding Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, as to Count One, Count Seventeen, Count Nineteen, Count Twenty, Count Twenty-One, Count Twenty-Two, Count Twenty-Three, and Count Twenty-Five of the Superseding Indictment; Defendant understood the consequences of

his plea of guilty, in particular the maximum statutory penalties to which he would be exposed for Count One; Defendant made a  knowing and voluntary plea of guilty to Count One, Count Seventeen, Count Nineteen, Count Twenty, Count Twenty-One, Count Twenty-Two, Count Twenty-Three, and Count Twenty-Five of  the Superseding Indictment; and Defendant's plea is independently supported by the Government's proffer which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to Count One, Count Seventeen, Count Nineteen, Count Twenty, Count Twenty-One, Count Twenty-Two, Count Twenty-Three, and Count Twenty-Five of the Superseding Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

Defendant is **REMANDED to the custody of the United States Marshals Service**. [ECF No. 115-4 and 360].

**IF COUNSEL ANTICIPATES A LENGTHY SENTENCING HEARING, PLEASE NOTIFY THE DISTRICT COURT SO THAT AN ADEQUATE AMOUNT OF TIME CAN BE SCHEDULED FOR IT.**

Any party shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty

(20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted on April 27, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

12