**IN THE UNITED STATES DISTRICT COURT
FORTHE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg**

**TYRON TERREONO ADAMS,**

       Petitioner,

  v.                            **Crim. Action No.   1:20-CR-48-2**
                                      **Civil Action No.   1:22-CV-103**

**USA,**

       Respondent.

## REPORT AND RECOMMENDATION

## I.    INTRODUCTION

On October 3, 2022, Tyron Adams ("petitioner"), proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action Number 1:22-CV-103 Doc. 1; Criminal Action Number 1:20-CR-48-2 Doc. 809].[1]  This matter is assigned to the Honorable Thomas S Kleeh, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss petitioner's motion.

## II.    PROCEDURAL HISTORY

### A. Conviction and Sentence

On November 17, 2020, the United States Attorney filed a Superseding Indictment charging petitioner with conspiracy to distribute heroin and cocaine base in violation of 21

---

[1] From this point forward, document numbers refer to petitioner's criminal action unless stated otherwise.

1

U.S.C. §§ 846 and 841(b)(1)(C); a Travel Act violation pursuant to 18 U.S.C. §§ 2 and 1952(a)(3); three counts of unlawful use of a communication facility in violation of 21 U.S.C. §§ 843(b) and 843(d)(1); distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);  and two counts of aiding and abetting the distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2.  On April 27, 2021, petitioner pleaded guilty to all counts without a written plea agreement.  On August 31, 2021, petitioner appeared before Judge Keeley for sentencing.   At the sentencing hearing, the parties entered a joint stipulation, adopted by the Court, resulting in a two-level increase based on defendant's role in the offense pursuant to U.S.S.G. § 3B1.1(c), "Aggravating Role."[2]  Petitioner was sentenced to a total term of 84 months.  According to the Bureau of Prisons' ("BOP") website, petitioner's projected release date, via good conduct time, is September 2, 2026.

Petitioner did not file an appeal of his conviction and sentence.

**B. Federal Habeas Corpus**

On October 3, 2022, petitioner filed the instant petition.   Petitioner raises two grounds in support of his petition.  First, he argues that he received ineffective assistance of counsel.  Specifically, he alleges that his trial counsel failed to consult with him about filing an appeal; he argues that because of his counsel's failure to consult with him about an appeal, he was unable to challenge the two-level leadership role enhancement.  He

---

[2] See the Second Addendum to the Presentence Report.  Because the document is sealed, it is attached to this Report and Recommendation, and the Clerk is directed to restrict it to case participants.

contends the sentencing enhancement was not part of his plea record or deal.[3]  Second, he argues the Court erred in applying the leadership role enhancement to his sentence.

### III.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the sentence imposed by a federal court, "if (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is otherwise subject to collateral attack.'"  *Beyle v. United States*, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (quoting 28 U.S.C. § 2255(a)).  "A sentence is 'otherwise subject to collateral attack,' if a petitioner shows that the proceedings suffered from 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id*. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).  "A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence."  *Id*. (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).  "If he satisfies that burden, the court may vacate, set aside, or correct the sentence."  *Id*. (citing 28 U.S.C. § 2255(b)).  "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion."  *Id*. (citing *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970)).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).

---

[3] As noted above, the undersigned notes that petitioner's plea was entered without a plea agreement.

# IV.    ANALYSIS

Because the alleged ineffective assistance claim in this case hinges on petitioner's inability to file an appeal challenging the issue in his second claim, the application of the aggravating role enhancement, the undersigned addresses petitioner's second claim first. In petitioner's second claim, he alleges that the district court erred in applying a leadership role enhancement.   [Doc. 808 at 6].   Petitioner argues that the Government failed to produce evidence that he was an organizer, leader, manager, or supervisor in the conspiracy.  [Doc. 809-1 at 3].  Under the Guidelines,

> Based on the defendant's role in the offense, increase the offense level as follows:
> (a)      If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
> (b)      If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
> (c)      If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

U.S.S.G. § 3B1.1.  Petitioner received a two-level enhancement under § 3B1.1(c), for being an organizer, leader, manager, or supervisor in criminal activity other than described in (a) or (b); after other adjustments were made, the Court determined that petitioner's total offense level was 25 and with a Criminal History Category of IV.  *See* Second Addendum to the Presentence Report.  However, the Court's finding that the two-level increase under § 3B1.1 applied was reached *after* the parties jointly stipulated to the defendant's role in the offense.  Id.

The undersigned finds that this ground is frivolous.  The parties stipulated to the two-level enhancement, and can hardly claim the Court erred in making the finding based on petitioner's own stipulation.

4

Next, the undersigned finds that petitioner's claim of ineffective assistance of counsel is without merit.  Criminal defendants have a Sixth Amendment right to effective legal assistance.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish that counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis: first, he must show both that counsel's performance fell below an objective standard of reasonableness and, second, that he was prejudiced by counsel's alleged deficient performance.  *Id*. at 669.

When considering the reasonableness prong of *Strickland*, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*. at 689; *see also Gray v. Branker*, 529 F.3d 220, 228–29 (4th Cir. 2008).  This first prong requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'"  *Lewis v. Wheeler*, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688).  The court must judge counsel "on the facts of the particular case," and assess counsel's performance "from counsel's perspective at the time."  *Strickland*, 466 U.S. at 689.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential."  *Strickland*, 466 U.S. at 689.  When making an ineffective assistance of counsel determination, a court must consider "the practical limitations and tactical decisions that counsel faced."  *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir.1991).

To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the

proceeding would have been different.  *Id*. at 694.   "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*.  This second prong requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial.  *Strickland*, 466 U.S. at 687.  If it is clear the petitioner has failed to satisfy either prong of the *Strickland* standard, a court need not inquire into whether he satisfied the other.

Failure to file an appeal when instructed can constitute ineffective assistance of counsel.  *United States v. Poindexter*, 492 F.3d 263, 268 (4th Cir. 2007) ("where the defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the 'forfeiture' of the appellate proceeding.").  "When a client does not specifically instruct counsel to file an appeal, however, whether counsel has been ineffective by failing to appeal depends upon 'whether counsel in fact consulted with the defendant about an appeal.'" *U.S. v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000)).  The term consult "convey[s] a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant' wishes."  *Flores-Ortega*, at 478.  In addition, the Supreme Court recognized that "[i]f counsel has consulted with the defendant, the question of deficient performance is easily answered:  Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."  *Id*. However, when counsel has not consulted with his client, the Court must then ask if the failure to consult itself constitutes deficient performance.  *Id*.

In determining whether or not the failure to consult was deficient, the Supreme Court has stated that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reasons to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appeal.  In making this determination, courts must take into account all the information counsel knew or should have known."  *Flores-Ortega*, at 480. Moreover, the Court must consider all relevant factors in a given case to properly determine whether a rational defendant would have desired an appeal.  *Id*.

Here, petitioner alleges that his trial counsel, Mr. La Neve, failed to consult with him about filing a notice of appeal to challenge the leadership role enhancement. However, as respondent points out, petitioner had two attorneys at the time of his sentencing.  Respondent provides an email from the attorneys indicating that it was petitioner's other attorney, Mr. Scharg, who met with petitioner after sentencing to discuss appellate rights.  However, in the absence of a hearing, this Court is not able to make findings of fact on disputed factual issues.   *United States v. Nicholson*, 475 F.3d 241, 248 (4th Cir. 2007).  Nonetheless, even assuming petitioner's trial counsel did not consult with him about filing an appeal, the undersigned finds that petitioner is unable to show that counsel was ineffective.  Petitioner does not allege that he actually informed counsel of his desire to file an appeal, and counsel would not have had reason to believe that a rational defendant would want to appeal.  Petitioner contends that his basis for filing an appeal was the erroneous application of U.S.S.G. § 3B1.1(c).  However, as set forth above, petitioner had stipulated to this two-level enhancement at sentencing.  An appeal

7

on this issue would have been frivolous, and counsel would not have reason to think that petitioner would want to appeal this issue.

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [**Civil Action Number 1:22-CV-103 Doc. 1; Criminal Action Number 1:20-CR-48-2 Doc. 809**] be **DENIED** and **DISMISSED with prejudice**.

Within fourteen days after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court**, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**.  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the  petitioner by certified mail, return receipt requested, to his last known address as shown on the docket  sheet. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the

Magistrate Judge association with this case.  The Clerk is further **DIRECTED** to restrict the attached Second Addendum to the Presentence Report to case participants.

**DATED**:  April 26, 2023.

/s/ *Michael John Aloi*

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE